```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT

Nelson Barney,                  :
        Petitioner,             :
                                :
     v.                         :     File No. 1:07-CV-242
                                :
Robert Hofmann,                 :
        Respondent.             :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Nelson Barney, proceeding *pro se*, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Barney claims that the Vermont Department of Corrections ("DOC") violated his due process rights when it revoked his furlough. The respondent argues that the petition should be denied as unexhausted and procedurally barred. For the reasons set forth below, I recommend that the Court DENY Barney's petition and that this case be DISMISSED without prejudice.

### Factual Background

Barney is serving a six to fifteen year sentence for aggravated assault and other crimes. On July 7, 2005, he was detained for violating a condition of his furlough. The alleged violation consisted of contact with a woman without prior approval from the intensive domestic abuse program treatment team.

A hearing on the violation was held on or about July 14, 2005, and Barney was found guilty of the offense. He is now challenging the process by which he was convicted. His habeas corpus petition raises five grounds for relief: (1) the notice of violation did not describe the actual conduct in question, thereby depriving him of an opportunity to present a defense; (2) the hearing officer failed to consider his testimony; (3) he was denied the right to call witnesses; (4) the hearing officer's findings of fact were inadequate and were not supported by the evidence; and (5) the hearing officer barred him from participation in the hearing.

Barney has sought collateral relief in state court. On August 9, 2005, he filed a *pro se* petition for writ of habeas corpus in Rutland Superior Court. His allegations in that first petition had some overlap with those raised here, including claims that he was not provided adequate notice and that he was barred from questioning witnesses. (Paper 4-2 at 23).

Through court-appointed counsel, Barney subsequently amended his habeas corpus petition. The amended petition dropped his initial arguments, and instead challenged the

validity of the DOC Directives under which he was prosecuted. (Paper 4-2 at 21-22). The parties each moved for summary judgment, and the state court ruled in favor of the DOC. Id. at 1-6. Barney did not appeal the decision.

On April 21, 2006, Barney filed a second *pro se* petition for writ of habeas corpus. In that petition, he claimed (1) that the hearing officer was not certified to hold the hearing, and (2) that the DOC did not timely develop a "safety plan" for his release. (Paper 4-4 at 15-16). The DOC moved to dismiss on the basis of claim preclusion. Id. at 7-11. The state court granted the motion to dismiss, ruling that Vermont law permitted discretionary dismissal of successive habeas corpus petitions. Id. at 1-2.

Barney appealed to the Vermont Supreme Court. His appellate brief, filed through counsel, argued that the superior court improperly relied on claim preclusion and that the DOC hearing officer was not properly certified. (Paper 4-6 at 2). The Vermont Supreme Court affirmed the lower court's ruling. (Paper 1-11).

Barney now brings several due process arguments in his federal petition. Those arguments have not been presented

to the Vermont Supreme Court. Accordingly, the respondent argues that Barney's claims are unexhausted. Because Barney's last state court petition was barred as successive, the respondent further argues that federal review is prohibited by the "adequate and independent state ground doctrine." (Paper 4 at 3-6).

## Discussion

A federal court should not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies. See § 2254(b)(1)(A). To meet this exhaustion requirement, a petitioner must have presented the state courts with "the same claim he urges upon the federal courts," as a way of giving the state court "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275-76 (1971) (internal citations omitted); see also Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003). In order to have "fairly presented" federal claims to the state courts, a petitioner must have (1) "set forth in state court all of the essential factual allegations asserted in his federal petition," and (2) "placed before the state court essentially the same legal doctrine he asserts in his

4

federal petition." Daye v. Att'y Gen. of New York, 696 F.2d 186, 191-92 (2d Cir. 1982) (*en banc*). Complete exhaustion requires a petitioner to "present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted).

Here, Barney has not presented his due process claims to the Vermont Supreme Court. In his only brief to the Vermont Supreme Court, he stated two issues:

> The Superior Court improperly relied on claims preclusion and res judicata to deny Mr. Barney's successive habeas corpus petition.
>
> Mr. Barney's furlough revocation hearing is null and void because it was not conducted by a certified hearing officer.

(Paper 4-6 at 2). In contrast, his § 2254 petition challenges the hearing process and the hearing officer's findings. Because Barney has not raised his current claims before Vermont's highest state court, those claims are unexhausted. See Baldwin v. Reese, 541 U.S. 27, 29 (2004).

The respondent argues that federal habeas review is prohibited because the state court rested its judgment on a state law procedural ground that is "'independent of the

federal question and adequate to support the judgment.'" Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991).  The Second Circuit has explained that

> [i]n the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional.  Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory.

Coleman, 501 U.S. at 729.  A procedural bar qualifies as an "independent and adequate" state law ground when "'the last state court rendering judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" Levine v. Comm'r of Corr. Servcs., 44 F.3d 121, 126 (2d Cir. 1995) (quoting Harris v. Reed, 489 U.S. 255, 262 (1989)).  A state procedural bar will preclude federal habeas review if it is "'firmly established and regularly followed,'" unless the rule is "exorbitant."  Lee v. Kemna, 534 U.S. 362, 376 (2002) (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)).

In this case, the Vermont Supreme Court acknowledged Vermont's practice of barring habeas claims when those claims have been previously denied on the merits.  (Paper 1-

6

11 at 2, citing In re Laws, 2007 VT 54 and 13 V.S.A. § 7134).  Vermont case law shows that this practice has been regularly followed.  See, e.g., In re Towne, 2007 VT 80, ¶ 3; Woodmansee, 132 Vt. at 250-51; In re Mayer, 131 Vt. 248, 250-51 (1973).  Furthermore, there is no suggestion that this practice is "exorbitant."  Vermont's bar on successive petitions therefore constitutes an adequate and independent state law rule.  Cf. Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005) (state bar on successive petitions was adequate and independent state law ground); Bailey v. Nagle, 172 F.3d 1299, 1304 (11th Cir. 1999) (same); Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (same).

   The pertinent question here is whether a *third* petition in state court, presenting different claims than those offered in the first two petitions, would also be procedurally barred.  In its decision barring Barney's second petition, the Vermont Supreme Court explained its rule with respect to successive petitions based on different grounds.

> As for successive petitions on different grounds, in [In re Laws] we adopted a test that requires the State to plead an abuse of the writ, and if it does so with the required level of specificity, shifts the burden to the petitioner to demonstrate cause and prejudice.  Under this test, the State

7

> must claim an abuse of the writ, stating with
> clarity and particularity petitioner's prior and
> new claims.  Once the State has established the
> petitioner's prior writ history, the burden shifts
> to the petitioner to show cause why the new claims
> were not raised in the earlier petition and
> further to demonstrate actual prejudice.  The
> cause standard requires the petitioner to show
> that some objective factor external to the defense
> prevented the petitioner from raising the claim in
> an earlier proceeding.  The prejudice standard
> requires petitioner to show that errors raised by
> the new claims worked to his actual and
> substantial advantage, not merely that the errors
> created a possibility of prejudice.

(Paper 1-11 at 2).  The <u>Laws</u> decision establishes a mandatory test for successive petitions.  The Vermont Supreme Court applied the test in Barney's appeal, and clearly expects the state courts to adhere to this test in the future.  Consequently, the Court may conclude that this test presents a firmly established procedural bar that is currently, and will continue to be, regularly followed.

It is questionable, however, whether that bar would apply in the event of a third petition from Barney.  With the State having already argued abuse of the writ, (Paper 1-11 at 2), the burden would shift to Barney to show cause and prejudice for his failure to raise all of his due process arguments initially.  Under the standard set forth in <u>Laws</u>, examples of cause "include situations where a factual or

8

legal basis for a claim was not available at the time of the earlier proceeding, instances of official interference (such as the state's failure to provide requested evidence), or ineffective assistance of counsel."  2007 VT 54, ¶ 20 (citing McCleskey v. Zant, 499 U.S. 467, 493 (1991)) (parenthetical in original).

In response to the procedural bar argument, Barney states that his attorney amended the first petition without his "input or with clarity to the facts in the amended petition or the reason to the amended petitioner where no copy was annexed to petitioner during this time."  (Paper 5 at 4).  What he appears to be claiming is that counsel amended his petition without informing him of the amendment. He also attests that he tried to submit additional information through counsel, but was unsuccessful.  Id. Consequently, Barney may be able to argue ineffective assistance of counsel in support of a subsequent petition. This Court will not speculate as to the likelihood of success of such a claim in state court.[1]

Assuming that Barney could show cause for his default,

---

[1]  If Barney were to amend his § 2254 petition to bring an ineffective assistance of counsel claim, that claim would need to first be exhausted in state court.  See Harden v. LaClaire, 2008 WL 783538, at *8 (S.D.N.Y. March 26, 2008) (citing Edwards v. Carpenter, 529 U.S. 446, 451 (2000)).

he must also show prejudice.  The Vermont standard requires the petitioner to show "that errors raised by the new claims worked to his actual and substantial disadvantage, not merely that the errors created a possibility of prejudice." (Paper 1-11 at 2).  Barney argues, in significant detail, that the DOC hearing process was flawed.  He alleges not only procedural irregularities, but failures of substance that resulted in actual prejudice.  For example, he claims that the woman with whom he is alleged to have had contact was in a storage area that was not a part of his apartment. He claims that he was asleep at the time of her visit, and that he was not aware of her presence.  He further alleges that the hearing officer did not take his version of the facts into account, and that he was not allowed to question witnesses.  While the Court expresses no opinion as to the merits of Barney's claims, it acknowledges that Barney could present an argument for prejudice resulting from his failure to raise these claims in his initial state court petition.

Because Barney may be able to show both cause and prejudice, it is not clear that he is barred from proceeding further in state court.  Rather than speculate as to the outcome of a third post-conviction petition, the more

prudent course is to dismiss this case without prejudice and allow the state courts to decide the issue. If Barney does not receive relief in state court, and assuming he has not run afoul of any applicable time limitations, he may be able to again approach this Court with a petition for writ of habeas corpus.

## Conclusion

For the reasons set forth above, I recommend that Barney's petition for writ of habeas corpus (Paper 1) be DENIED, and that this case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 18th day of April, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3 & 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).